UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| JERRY L. PEETE, | ) | Civ. 11-4051-KES |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER DISMISSING PETITION |
| J. HOLLINGSWORTH, Warden of FPC Yankton, | ) ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, Jerry L. Peete, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Peete is incarcerated at the Federal Prison Camp in Yankton, South Dakota. Peete was convicted of distribution of cocaine powder in violation of 21 U.S.C. § 841(a) and possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g) and 924(e)(1) in the Eastern District of Wisconsin. Because Peete's petition challenges the validity of his sentence rather than its execution, his petition should have been brought as a § 2255 motion to vacate, set aside, or correct his sentence in the Eastern District of Wisconsin. Peete has not shown that he received authorization to file a successive § 2255 motion. Therefore, rather than transferring Peete's petition to the Eastern District of Wisconsin, it is dismissed.

**DISCUSSION**

A federal prisoner may challenge the execution of his sentence by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the jurisdiction where he is incarcerated. *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). But Peete's petition does not attack the execution of his sentence; rather he appears to be claiming his conviction is invalid.

Peete sets forth four grounds for relief in his petition. Peete's first ground for relief appears to be claiming that the district court failed to rule on some of his claims and thereby prevented him from appealing. *See* Docket 2 at 2.[1] Peete's second claim is that his conviction is invalid because "the statutes pursuant to which petitioner was indicted, convicted, and sentenced to were never enacted into positive law, are unconstitutional on their face; and null and void ab initio." *Id.* at 3 (verbatim). Third, Peete asserts that Bureau of Prisons' custody over him is improper, stating that

> the Bureau of Prisons cannot properly hold or classify me under 18 U.S.C.S. §§ 4081, et. Seq., (1948), under public law 80-772

---

[1] Peete specifically argues that "Federal Rule of Civil Procedure 52(a) requires that the court is to make specific findings of fact and law on each claim or claims presented. Because Federal Rule of Civil Procedure 54(B) is jurisdictional and states I cannot appeal unless the court makes a ruling on each and every claim I have presented . . . it would be senseless to appeal my issues knowing the court did not do so." Docket 2 at 2. It is unclear whether Peete is arguing that the District Court should have followed the Federal Rules of *Civil* Procedure at his *criminal* trial or whether the omission he complains of occurred during the course of a prior motion to vacate, set aside, or correct his sentence.

> because that title was never constitutionally enacted into law.
> Which can only mean that 18 U.S.C.S. § 3231 that gives the courts
> jurisdiction over prosecution of any crime including drug crimes
> are illegal and unenforceable.

*Id.* at 3. Fourth, Peete states argues that his conviction was unconstitutional because "only crimes authorized under Title 18 may be prosecuted in Federal Courts." *Id.* at 4. On this basis, Peete argues his conviction is unconstitutional because "[t]he federal constitution only authorizes two (2) federal crimes; (1) treason, and (2) counterfeiting. All other crimes are matters of the State jurisdiction which means that all Federal Drug Crimes are unconstitutional." *Id.* (verbatim).

Because Peete's motion attacks the validity of his sentence, his petition would be more properly classified as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *See Bell v. United States*, 48 F.3d 1042, 1043 (8th Cir. 1995). Peete has not shown that a § 2255 motion is "inadequate or ineffective to test the legality of his detention" which would allow him to seek relief through a § 2241 petition rather than a § 2255 motion. 28 U.S.C. § 2255. Peete cannot show anything "more than that there is a procedural barrier to a § 2255 motion," which is insufficient. *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000). Thus, Peete's petition should be a § 2255 motion. But Peete may not pursue relief under § 2255 in this court; he must file a § 2255 motion before the court that sentenced him. *See* 28 U.S.C. § 2255 (stating that a federal prisoner seeking release on the "the ground that the sentence was

imposed in violation of the Constitution or laws of the United States . . . may move *the court which imposed the sentence* to vacate, set aside or correct the sentence.") (emphasis added).

Peete's § 2241 petition cannot be reclassified as a § 2255 petition and transferred to the Eastern District of Wisconsin, however, because it is a successive petition. Peete has previously filed several successive § 2255 petitions in the Eastern District of Wisconsin and has "an extensive history of post-conviction litigation." *See* 09-CV-984, Docket 2, Decision and Order (E.D. Wis. Oct. 15, 2009) (dismissing "motion for breach of plea agreement" as an additional successive § 2255 motion). Peete has not indicated that the Seventh Circuit Court of Appeals has authorized him to file a successive motion, as required by 28 U.S.C. § 2244(a)(3)(A) and by 28 U.S.C. § 2255(h). Peete could not make the showing required to receive permission to file a successive § 2255 motion; he cannot show that his petition contains "newly discovered evidence . . . that would establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty." 28 U.S.C. § 2255(h)(1). Nor does his petition rely on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.* at § 2255(h)(2). Thus, his petition should be dismissed, rather than reclassified and transferred. *See Nichols v. Symmes*, 553 F.3d 647, 650 (8th Cir. 2009) (affirming district court's refusal to transfer to

the sentencing court's jurisdiction a § 2241 petition that it found should have been brought under § 2255 because it was successive and did not meet the requirements needed to file a successive § 2255 petition). Accordingly, it is

ORDERED that Peete's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Docket 1) is dismissed.

Dated May 4, 2011.

                          BY THE COURT:

                          /s/ *Karen E. Schreier*
                          KAREN E. SCHREIER
                          CHIEF JUDGE